## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PENNY JACOBS** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **CASE NO.   17-1100** |
| | * | |
| **FAMILY DOLLAR, INC., ALLISON** | * | **JUDGE** |
| **AND ABC INSURANCE COMPANY** | * | |
| | * | **MAGISTRATE** |
| | * | |
| | * | **JURY DEMAND** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Family Dollar Stores of Louisiana, Inc. ("Defendant" or "Family Dollar"), incorrectly referred to as "Family Dollar, Inc.", which responds to Plaintiff's *Petition for Damages* as follows:

1.

Though Paragraph 1 does not appear to call for a response, out of an abundance of caution, the claims made in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 are denied.  Family Dollar is in fact a foreign corporation incorporated and domiciled in the State of Virginia, with its principal place of business in Chesapeake, Virginia.

1

4.

The allegations contained in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

Though Paragraph 5 does not appear to call for a response, out of an abundance of caution, the claims made in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.  Moreover, the allegations of Paragraph 6 are denied insofar as they call for legal conclusions.

7.

The allegations contained in Paragraph 7 are denied for lack of sufficient information to justify a belief therein.  Moreover, the allegations of Paragraph 7 are denied insofar as they call for legal conclusions.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.  Moreover, the allegations of Paragraph 8 are denied insofar as they call for legal conclusions.

9.

The allegations contained in Paragraph 9 are denied.  Moreover, the allegations of Paragraph 9 are denied insofar as they call for legal conclusions.

10.

The allegations contained in Paragraph 10 are denied.  Moreover, the allegations of Paragraph 10 are denied insofar as they call for legal conclusions.

11.

The allegations contained in Paragraph 11 are denied.  Moreover, the allegations of Paragraph 11 are denied insofar as they call for legal conclusions.

12.

Though Paragraph 12 does not appear to call for a response, out of an abundance of caution, the claims made in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 are denied.  Moreover, the allegations of Paragraph 13 are denied insofar as they call for legal conclusions.  All allegations regarding liability and/or negligence are specifically denied.

14.

The allegations contained in Paragraph 14 are denied.  Moreover, the allegations of Paragraph 14 are denied insofar as they call for legal conclusions.  All allegations regarding liability and/or negligence are specifically denied.

15.

The allegations contained in Paragraph 15 are denied.  Moreover, the allegations of Paragraph 15 are denied insofar as they call for legal conclusions.  All allegations regarding liability and/or negligence are specifically denied.

16.

Though Paragraph 16 does not appear to call for a response, out of an abundance of caution, the claims made in Paragraph 16 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 are denied for lack of sufficient information to justify a belief therein.  Moreover, the allegations of Paragraph 17 are denied insofar as they call for legal conclusions.

18.

The allegations contained in Paragraph 18 are denied.  Moreover, the allegations of Paragraph 18 are denied insofar as they call for legal conclusions.

19.

The allegations contained in Paragraph 19 are denied.  Moreover, the allegations of Paragraph 19 are denied insofar as they call for legal conclusions.

20.

The allegations contained in Paragraph 20 are denied.  Moreover, the allegations of Paragraph 20 are denied insofar as they call for legal conclusions.

21.

The allegations contained in Paragraph 21 are denied.  Moreover, the allegations of Paragraph 21 are denied insofar as they call for legal conclusions.  An insurance policy is a contract and is therefore the best and only evidence of its terms and conditions.

22.

The allegations contained in Paragraph 22 are denied.  Moreover, the allegations of

Paragraph 22 are denied insofar as they call for legal conclusions.

23.

The allegations contained in Paragraph 23 are denied.  Moreover, the allegations of Paragraph 23 are denied insofar as they call for legal conclusions.

24.

The allegations contained in Paragraph 24 are denied.  Moreover, the allegations of Paragraph 24 are denied insofar as they call for legal conclusions.

**AND NOW FURTHER ANSWERING**, Family Dollar respectfully avers the following affirmative defenses:

1.

That the incident in question was not caused by any negligence, fault, and/or liability on the part of Family Dollar, but was caused solely and through the negligence and/or comparative negligence of the Plaintiff, including but not limited to the acts of negligence listed below and others to be shown at trial:

a)   Failure to exercise reasonable care under the circumstances prevailing at the time of the incident;

b)   Failure to take proper precautions to avoid the incident;

c)   Failure to do any act by which the incident made the basis of this litigation could have been avoided;

d)   Failure to act as a reasonable and prudent person would act under the same or similar circumstances;

e)   Failure to be attentive to surroundings or act in a prudent and cautious manner for

5

the protection of property and self;

f)    Any and all other acts and/or omissions constituting negligence and/or liability which may be shown at the trial of this matter.

2.

Answering in the alternative, only in the event that Plaintiff establishes negligence, fault, and/or liability on the part of Defendant, which are specifically denied, then Defendant alternatively avers that Plaintiff was contributorily and/or comparatively negligent, and that such contributory or comparative negligence on the part of Plaintiff proximately contributed to the occurrence of the alleged incident and that the recovery of damages by Plaintiff herein is, accordingly, barred and/or mitigated by the comparative and/or contributory negligence of Plaintiff, the specifics of which are more particularly described in the paragraph above and incorporated herein, by reference, as if it were stated verbatim.

3.

Defendant avers that if Plaintiff did sustain any injury, such injuries and damages arose out of certain risks, dangers, and hazards, all of which were plain, observable, open, caused by, and well-known to Plaintiff herein at the time of the alleged incident and injury, and all of said risks, dangers, and hazards were assumed by Plaintiff, and Defendant is not liable for same.

4.

Alternatively, if there is negligence, fault, and/or liability on the part of anyone other than Plaintiff, in any way constituting proximate cause of the alleged injury and/or damages, if any, made subject of this lawsuit, such negligence and/or fault was that of other persons or parties for whom this Defendant is not, and was not, responsible.

5.

Defendant specifically avers the sole and proximate cause of the incident in question, and resulting injuries, was the negligence, fault, want of due care, carelessness, and/or strict liability of parties over whom this Defendant exercises no authority or control, and for which this Defendant cannot be held liable.

6.

Defendant specifically avers the sole and proximate cause of the incident in question, and resulting injuries, was the negligence, fault, want of due care, carelessness, and/or strict liability of parties who exercised actions outside the course and scope of their employment, and for which this Defendant cannot be held liable.

7.

Defendant specifically avers that Plaintiff has failed to mitigate her damages.

8.

Defendant specifically pleads the defense of assumption of the risk.

9.

At all times Defendant exercised reasonable care under the circumstances.

10.

Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

a)  additional defenses become applicable under state or federal law;

b)  additional defenses are established as discovery proceeds; and,

c)  additional defenses are available under subsequently asserted theories of recovery.

11.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant prays for trial by jury on all issues.

**WHEREFORE**, Defendant, Family Dollar Stores of Louisiana, Inc., prays that its Answer be deemed good and sufficient, that there be trial by jury on all issues, and that after due proceedings are had, there be judgment herein in favor of Defendant, Family Dollar Stores of Louisiana, Inc., dismissing Plaintiff's *Petition for Damages*, with prejudice, and at Plaintiff's cost or alternatively diminution of Plaintiff's claims pursuant to the doctrine of comparative fault.  Defendant further prays for all general and equitable relief as provided by law.

Respectfully submitted:

_____/s/ Jeremy H. Call_____
**DONALD E. MCKAY, JR. (#14207)**
**PATRICK M. WARTELLE (#14484)**
**JASON R. BONNET (#28502)**
**JEREMY H. CALL (#35071)**
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163
Tel:  (504) 585-7500
Fax:  (504) 585-7775
Email: dmckay@leakeandersson.com
       jbonnet@leakeandersson.com
       jcall@leakeandersson.com
***Attorneys for Defendant,***
***Family Dollar Stores of Louisiana, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either by depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery, by notice of electronic filing by the court, or by facsimile transmission, on August 31, 2017, at their last known address of record.

_____/s/ Jeremy H. Call_____

CP/43024/Doc40